UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS BISHOP,

    Plaintiff,                                Case No. 16-11770
                                                    HON. GERSHWIN A. DRAIN

vs.

ENERCO GROUP, INC. and TRACTOR
SUPPLY CO.,

    Defendants.
_____/

**<u>ORDER GRANTING DEFENDANT TRACTOR SUPPLY CO.'S MOTION
TO DISMISS [#5] AND CANCELING HEARING</u>**

**I.    INTRODUCTION**

Plaintiff Douglas Bishop initiated the instant action in the Saginaw County Circuit Court against Defendants Enerco Group, Inc. ("Enerco") and Tractor Supply Co. ("TSC") raising claims stemming from injuries Plaintiff sustained from the use of a defective portable heater. Defendants timely removed the instant action to this Court on May 18, 2016.

Presently before the Court is TSC's Motion to Dismiss, filed on May 25, 2016. Plaintiff has failed to respond to TSC's present motion, and the deadline for filing a responsive brief has expired. *See* E.D. Mich. L.R. 7.1(e)(1)(B)("A response to a

dispositive motion must be filed within 21 days after service of the motion.).[1] Upon review of the instant motion, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the hearing is cancelled and the Court will decide the matter on the submitted brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will grant TSC's Motion to Dismiss.

## II. FACTUAL BACKGROUND

On November 12, 2012, Plaintiff purchased a single tanktop heater from TSC that was manufactured by Defendant Enerco. Plaintiff bought the heater to use in his hunting blind. In November of 2013, while using the heater in his deer blind, the heater caused Plaintiff to fall. Due to the fall, Plaintiff suffered severe dizziness, was hospitalized and diagnosed with seizure, transient ischemic attack, vertigo and possible acute pancreatitis.

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be

---

[1] The Court's clerk contacted both parties via email to ascertain whether a settlement had been reached since there had been no response filed. Plaintiff's counsel failed to respond to the Court clerk's inquiry. Defendant's counsel sent a response to both the Court and the Plaintiff's counsel. Defendant's counsel explained that he has made numerous attempts to discuss the case with Plaintiff's counsel, as well as attempted to schedule a Rule 26 conference, but Plaintiff's counsel has failed to respond in any manner.

granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

-3-

plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

### B. TSC's Motion to Dismiss

Plaintiff alleges that TSC sold a defective heater and that Plaintiff was injured as a result of TSC's sale of a defective product. However, it is well settled under Michigan law that in order to establish liability on the part of a non-manufacturing seller, a plaintiff must show that the seller failed to exercise reasonable care or breached an express warranty. MICH. COMP. LAWS § 600.2947(6); *Curry v. Meijer, Inc.*, 286 Mich. App. 586, 599, 780 N.W.2d 603, 610 (Mich. Ct. App. 2009). "To demonstrate that a defendant failed to exercise reasonable care," the court must evaluate whether the "plaintiff demonstrated that the defendant knew or should have known of the defect." *Kraft v. Dr. Leonard's Healthcare Corp.*, 646 F.Supp.2d 882, 888 (6th Cir. 2009).

Here, Plaintiff fails to allege any facts that TSC failed to exercise reasonable care nor that it breached an express warranty. Because the Complaint fails to allege a products liability claim against TSC, this claim is subject to dismissal.

## IV. CONCLUSION

Accordingly, Defendant TSC's Motion to Dismiss [#5] is GRANTED. The hearing on TSC's Motion to Dismiss is CANCELLED.

SO ORDERED.

Dated: October 11, 2016 /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE